Lawrence J. Bracken, J.
This action for a declaratory judgment to declare certain rules and regulations promulgated by the defendant to be arbitrary and unenforceable and to permanently enjoin the enforcement of such rules and regulations was tried before this court on April 27, 1976.
The parties, by stipulation included in the stenographic record of the trial of this action, limited the trial to the following rules and regulations promulgated by the defendant, Valley Forge Village, owner-operator of a mobile home park, Valley Forge, located at Bohemia, New York:
"(4.) No peddling, soliciting, or any form of commercial enterprise will be permitted without prior written consent *407 from the office. No For Sale signs may be shown or displayed. (Italicized sentence in issue.)
"(6.) Residents must register all guests whose stay exceeds 72 hours (3 days). Residents are responsible for the conduct of their guests. Time limit and acceptability shall be governed by Management. Rent is based on occupancy. Additional charges may be imposed for violation of same. (Italicized sentence in issue.)
"(7.) No TV antennas shall be erected as Management provides cable service.
"(9.) Trucks are not allowed in the Park without permission of Management.
"(10.) No repairing of cars is permitted around the mobile home or in the roadways.
"(11.) Residents are responsible for the behavior of children and guests. Children will not be permitted to roam throughout the Park or on any other resident’s lawn.
"(12.) Violations of privacy, intoxication, immoral conduct and disturbance of peace can result in the removal of your mobile home from the Park.
"(14.) Window air conditioners must be approved by the Management. Because of the noise factor, a written note of approval from your neighbor on the side of the unit is to be installed must be on file with the Management before the unit can be installed into the mobile home.
"(15.) Each mobile home owner will be liable for accident, cleanliness and distrubances on his rented space.
"(16.) Keep street in front of your mobile home free of litter.”
The numbering, supra, was established by this court at the time of trial.
The evidence adduced at the trial of this action satisfies this court that in each case the tenant signed the pamphlet which sets forth the rules and which concludes as follows: "I have read the above rules and regulations and agree to abide by them.” (Signature.)
The complaint in this action, served upon the defendant September 19, 1974, is based upon section 233 of the Real Property Law, effective January 1, 1974 (L 1973, ch 1012). Said section was repealed by chapter 973 of the Laws of 1974, effective June 13, 1974, which then renumbered and substantially amended section 233. Such amendments include a definí *408 tion section and also the following, which were not included in section 233 as originally enacted:
Subdivision e. "The mobile home park owner or operator shall offer the mobile home tenant the opportunity to sign a lease for a minimum of one year.”
Subdivision f (par 3, cl [b]). "No mobile home park owner or operator shall * * * restrict the ingress or egress of repairmen to enter the mobile home park for the purpose of installation, service or maintenance of any such appliance, or restrict the making of any interior improvement in such mobile home”. (L 1974, ch 973; see, also, Real Property Law, § 235-c, eff July 26, 1976, and applicable to all leases, regardless of when executed.)
Pursuant to the written stipulation of counsel dated September 24, 1976, this court hereby amends the plaintiff’s pleadings to reflect the language and subsection numbering as included in section 233 of the Real Property Law, as amended effective June 13, 1974.
By such stipulation the defendant has conceded that rule 9, as such pertains to trucks making deliveries into the park, is no longer applicable. Based upon the pleadings before this court and the evidence adduced at the trial, the prohibition, if any, against the permanent parking of trucks in the park by tenants is not before this court for consideration.
By such stipulation the defendant gives standing to all plaintiffs in this action and for purposes of determining this action, this court finds by the preponderance of the evidence adduced at trial that all plaintiffs consented to the rules and regulations before taking occupancy.
This appears to be the first private contracts area wherein the Legislature has specifically set forth standards that rules may not be unreasonable, arbitrary or capricious. Although this court is satisfied that the burden is upon the defendant’s mobile home tenants to establish a rule as unreasonable, arbitrary or capricious, such burden is not to establish that such rule is unconscionable (Real Property Law, § 235-c), and there is no presumption as to the regularity or validity of the rule promulgated by the mobile home park owner.
No written leases were submitted in evidence.
Based upon the evidence adduced at the trial of this action, this court finds that the rules and regulations in dispute have been applied uniformly to all mobile home tenants of the *409 mobile home park. Further, the owner-operator of the mobile home park has commenced no action or proceeding to enforce any of the rules and regulations in dispute.
This court further finds that all the rules in dispute conform to the requirements of section 233 of the Real Property Law except: Rule 4: "No 'For sale’ signs may be shown or displayed.” Although the facts in action entitled, Lipsey v Lincoln (Index No. 3002/74, Supreme Ct, Suffolk County), are clearly distinguishable from the facts presented in this action and whereas this court is satisfied that comparable by-laws or rules of a condominium complex may be enforceable (cf. Real Property Law, §§ 339-j, 339-u, 339-v, subd 2, par [a]), this court finds that this rule would unduly restrict the tenants’ statutory right to sell a mobile home. Section 233 (subd f, par 3, cl [e]) of the Real Property Law gives the tenant the absolute right to sell his mobile home while such home is physically located in the mobile home park during the lease period. The marketing of a mobile home without benefit of a "for sale” sign in the window or affixed to the exterior of the mobile home would unduly restrict this statutory right. This court is mindful that the placing of such sign(s) may defeat in part the defendant’s legitimate goal and objective to establish the defendant as the finest park on Long Island. There may develop a pattern of leasing space for the sole purpose of selling a mobile home at the best price since location is an important factor in marketing a mobile home.
This court concludes that the defendant does have the right to regulate the location, number and size of the signs to be placed in the window or upon the exterior of the mobile home and to prohibit the placing of outdoor signs on the land. A guide as to sign dimensions would be signs readily available in most stationery stores.
Rule 6: Section 233 (subd f, par 3, cl [d]) of the Real Property Law provides: "Failure on the part of the mobile home park owner or operator to fully disclose all fees, charges or assessments shall prevent the mobile home park owner or operator from collecting such fees, charges or assessments, and refusal by the mobile home tenant to pay any undisclosed charges shall not be used by the mobile home park owner or operator as a cause for eviction in any court of law.”
This subdivision results in the unenforcement of the rule 6, under dispute, "Rent is based on occupancy. Additional charges may be imposed for violation of same. ”
*410 Rule 14: Section 233 (subd f, par 3, cl [b]) of the Real Property Law provides in part that the mobile home park owner or operator shall not restrict the installation, service or maintenance of any gas or electric appliance. Subject to compliance with the applicable building codes and other provisions of law, this court determines that rule 6, dealing with approval by management and neighbors prior to the installation of an air conditioner is in conflict with section 233 (subd f, par 3, cl [b]) of the Real Property Law.
The rules and regulations are an integral part of the defendant’s planned development of the mobile home park. The plaintiffs herein, allegedly aggrieved by such rules and regulations, previously consented in writing to abide by such rules and regulations. The preamble to the rules and regulations sets forth defendant’s criteria "to establish the defendant as the finest park on Long Island”. A substantial number of other tenants, over 155 in number, are not parties to this action. The evidence adduced at the trial indicates that all tenants agreed to the rules and regulations and in fact that such rules and regulations were an inducement to their leasing space in defendant’s mobile home park. Continued flagrant violations of certain of the rules by a tenant could result in a multiplicity of action by other tenants against the mobile home park owner in the event the mobile home park owner failed to enforce said rules.
The petition, as it seeks a declaratory judgment with respect to the remaining rules and regulations hereinbefore set forth, is dismissed without prejudice to plaintiffs’ right to establish as an affirmative defense in any action to evict on the basis of a violation of such rule or regulation, that such rule or regulation does not conform to the requirements of section 233 of the Real Property Law.
The statute (Real Property Law, § 233, subd f, par 3) provides that any rule or regulation that does not conform to the requirements of section 233 shall be unenforceable and may be raised by the mobile home park tenant as an affirmative defense in any action to evict on the basis of a violation of such rule or regulation. For example, this court is satisfied that rule 10, "No repairing of cars is permitted around the mobile home or in the roadways”, does not require rewriting. In a particular fact situation, an emergency repair such as a repair of a flat tire would not furnish a basis for the tenant’s eviction. A complete engine overhaul, on the other hand, may *411 form a basis for eviction after the owner’s compliance with section 233 of the Real Property Law. This same reasoning applies to the remaining rules which the plaintiffs seek to declare unreasonable, arbitrary or capricious and for which they seek to permanently enjoin the defendant.
Rules promulgated by the mobile home park owner to limit the landlord’s liability or hold harmless the landlord for his own proven negligence do not require amendment since such rules are of no legal effect. Accordingly, rule 15, which states that each mobile home owner will be liable for accidents on his rented space, is limited to such accidents wherein the proximate cause of death, personal injury or property damage is in part or in whole attributable to the negligence of the tenant (CPLR 1411-1413; EPTL 5-4.2; 11-3.2, subd [b]). This court does not deem it necessary or advisable to rewrite rules which attempt to impose liability for death, personal injury or property damage.